UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFF SPENCER,

    Plaintiff,

v.

PAUL ARROWOOD,

    Defendant.
_____/

Case No. 16-cv-10417

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
STEPHANIE DAWKINS DAVIS

**OPINION AND ORDER GRANTING PARTIAL SUMMARY JUDGMENT [25]**

**I. INTRODUCTION**

On February 5, 2016, Jeff Spencer ("Plaintiff" or "Spencer") commenced this action against Paul Arrowood, a Michigan State Police Officer ("Defendant or "Arrowood"). Dkt. No. 1, pp. 1–2 (Pg. ID No. 1–2). His Complaint alleges two constitutional violations: an excessive force claim and a claim of unreasonable seizure without probable cause. *Id*. at 4–6.

The matter is presently before the Court on Defendant's Motion for Partial Summary Judgment, filed May 15, 2017. Dkt. No. 25. Upon review of the pleadings, the Court finds that oral argument will not aid in the disposition of this matter. Accordingly, the Court will decide the matter on the pleadings. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated more fully below, the Court **GRANTS** Defendant's Motion for Partial Summary Judgment [25].

## II. BACKGROUND

On the morning of August 9, 2014, Defendant stopped Plaintiff for driving 65 miles per hour in a 55 mile per hour zone. Dkt. No. 25-3, p. 6 (Pg. ID 220). Plaintiff acknowledges that he knew he was speeding at the time of the traffic stop, but blames his speed on his downhill trajectory. *Id.* at 7. According to Plaintiff's testimony, the interaction during the stop transpired as follows:

> He got out of his vehicle, come up to my driver's window, requested for my driver's license. And I asked him why I was being pulled over, as I was being nice and calm, wasn't swearing, wasn't cussing at him, wasn't being hostile, nothing. He asked me for my driver's license again. I asked him why I was being pulled over. He said, "Can I see your driver's license?" I said, "No, not until you tell me the reason why I'm being pulled over." He said, "You're not going to give it to me." And I said, "No, until you tell me the reason why I'm being pulled over."
>
> So he opened my door up, yanked me out of the truck by my left arm, smashed me up against the back of the cab of my truck, threw me in handcuffs, took me back to the front of his car, searched me, got my ID out, went into his car. About five, ten minutes later he comes out, places a ticket down on the hood of his car, said, "I wrote you a ticket for doing 65 in a 55. Do you have any questions?" I said, "Yeah. Is your badge number on there?"

*Id.* Plaintiff later secured an attorney to plead his speeding citation down to a smaller infraction, a seat belt violation, and paid $65 in fines. *Id.* at 12.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 56(c) "directs that summary judgment shall be granted if 'there is no genuine issue as to any material fact and that the moving

party is entitled to a judgment as a matter of law.' " *Cehrs v. Ne. Ohio Alzheimer's Research Ctr.*, 155 F.3d 775, 779 (6th Cir. 1998). The Court must view the facts, and draw reasonable inferences from those facts, in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). No genuine dispute of material fact exists where the record "taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Ultimately, the Court evaluates "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

## IV. DISCUSSION

In his Complaint, Plaintiff asserts two claims against Defendant: (1) that Defendant violated his Fourth Amendment rights by using excessive force against him; (2) that Defendant violated his Fourth Amendment rights by seizing him without a warrant or probable cause. Dkt. No. 1, pp. 4–6 (Pg. ID 4–6). Defendant seeks summary judgment only on Plaintiff's second claim, regarding unlawful seizure. Dkt. No. 25.

### A. Count II: Unlawful Seizure

In Count II, Plaintiff claims that his Fourth Amendment rights were violated when Defendant allegedly "acted unreasonably and failed in his duty when he

falsely detained/seized Plaintiff without considering the totality of the circumstances." Dkt. No. 1, p. 5 (Pg. ID 5). Defendant argues that this claim must be dismissed because his actions were objectively reasonable. Dkt. No. 25, p. 14 (Pg. ID 139).

1. **Initial Traffic Stop**

In the State of Michigan, it is a traffic violation to exceed the speed limit while driving on a highway. MICH. COMP. LAWS § 257.627(9) (requiring drivers not to exceed 55 miles per hour on a highway). In this case, Plaintiff concedes he was driving 65 miles per hour in a 55 miles per hour area at the time of the traffic stop. Based on that fact, the Court concludes that Defendant had a proper basis for stopping Plaintiff's vehicle. *See United States v. Hill*, 195 F.3d 258, 265 (6th Cir. 1999) (affirming that an officer had probable cause to make a traffic stop where a driver was traveling 62 miles per hour in a 55 miles per hour zone).

2. **Extension of the Stop for Failure to Produce Identification**

Additionally, there is no dispute that although Plaintiff possessed a valid driver's license at the time of the stop, he refused to produce it voluntarily. Thus, the question of Plaintiff's Fourth Amendment seizure claim turns on whether Defendant could seize Plaintiff beyond the scope of the speeding violation for Plaintiff's refusal to produce identification.

It is well-established in this circuit that a police officer may request a driver's license and issue a citation without exceeding the scope of a traffic stop for a speeding violation. *United States v. Bonilla*, 357 F. App'x 693, 696 (6th Cir. 2009) (citing *Hill*, 195 F.3d at 269). A police officer may also order a driver out of the vehicle during a traffic stop without violating the prohibition against unreasonable searches and seizures. *Arizona v. Johnson*, 555 U.S. 323, 331 (2009) (quoting *Pennsylvania v. Mimms*, 434 U.S. 106, 111 (1977)).

In 2002, the Sixth Circuit held that a plaintiff did not have a clearly established right to be free of arrest for refusing to produce identification during a valid *Terry* stop. *Risbridger v. Connelly*, 275 F.3d 565 (6th Cir. 2002). Two years later, in *Hiibel*, the Supreme Court concluded that "[t]he principles of *Terry* permit a State to require a suspect to disclose his name in the course of a *Terry* stop." *Hiibel v. Sixth Judicial Dist. Court of Nevada, Humboldt Cty.*, 542 U.S. 177, 187 (2004); *see also Loza v. Mitchell*, 766 F.3d 466, 476 (6th Cir. 2014), *cert. denied*, 135 S. Ct. 2892 (2015) (finding that "reasonable inquiries" during *Terry* stops include questions about identity).

Plaintiff's second claim alleges an "unreasonable seizure without probable cause." Dkt. No. 1, p. 5 (Pg. ID 5). However, contrary to the allegations in Plaintiff's complaint, the facts Plaintiff provided upon summary judgment

establish probable cause for Defendant to seize and detain Plaintiff for violation of the Michigan vehicle code.

First, Defendant had a valid reason to ask Plaintiff to produce identification because Plaintiff was subject to a lawful traffic stop for speeding, as noted above. Michigan law requires drivers to possess a valid license. MICH. COMP. LAWS § 257.301(1) ("[A] person shall not drive a motor vehicle upon a highway in this state unless that person has a valid operator's or chauffeur's license . . . ."). Thus, once Plaintiff refused to produce identification, Defendant had probable cause to believe that Plaintiff had violated the vehicle code.

Additionally, Michigan law required Plaintiff to display his license upon Defendant's demand. MICH. COMP. LAWS § 257.311 ("The licensee shall have his or her [driver's] license . . . in his or her immediate possession at all times when operating a motor vehicle, and shall display the same upon demand of any police officer, who shall identify himself or herself as such."). Plaintiff refused to produce any identification, including verbal identification, as to his name, address, or vehicle registration. This refusal further established probable cause for a violation of the vehicle code. A police officer may not only seize, but may also arrest, an individual whom the officer has probable cause to suspect is driving without a valid license. *See Virginia v. Moore*, 553 U.S. 164, 171 (2008) ("[W]hen an officer has probable cause to believe a person committed even a minor crime in his

presence, the balancing of private and public interests is not in doubt. The arrest is constitutionally reasonable."). Based on the facts and existing law, Defendant's seizure or detention of Plaintiff beyond the scope of the initial stop, where Plaintiff refused to provide his driver's license, was not violative of Plaintiff's Fourth Amendment rights.

Accordingly, the Court will grant Defendant's motion and dismiss Count II, alleging illegal seizure and detention pursuant to the Fourth Amendment.[1]

**B. Qualified Immunity**

"In resolving questions of qualified immunity at summary judgment, courts engage in a two-pronged inquiry." *Tolan v. Cotton*, 134 S. Ct. 1861, 1865 (2014). First, courts examine whether facts, taken in the light most favorable to the party asserting the injury, show the state actor's conduct violated a federal right. *Id.* (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). Second, courts must ask whether the right in question was "clearly established" at the time of the violation. *Id.* at 1866 (citing *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)). The Supreme Court has stated that, "the clearly established law must be 'particularized' to the facts of the case," because "[o]therwise, 'plaintiffs would be able to convert the rule of qualified immunity . . . into a rule of virtually unqualified liability simply by

---

[1] The Court's finding that Defendant did not unlawfully seize Plaintiff does not foreclose Plaintiff's excessive force claim, which was not subject to this motion.

alleging violation of extremely abstract rights.' " *White v. Pauly*, 137 S. Ct. 548, 552 (2017) (internal citations and alterations omitted).

Even if Plaintiff had established that Defendant violated his Fourth Amendment right to be free of unlawful seizure, Defendant would be entitled to qualified immunity on Count II. Plaintiff bore the burden of demonstrating that the law was clearly established at the time of Defendant's challenged conduct. *Yoder v. Univ. of Louisville*, 526 F. App'x 537, 544 (6th Cir. 2013). His arguments as to why qualified immunity does not apply fail to cite any law that is particularized to the facts of his case.

The Court agrees with Defendant that, construing the admissible evidence presented to this Court in the light most favorable to Plaintiff, a reasonable officer could have believed that he had probable cause to seize and detain Plaintiff for violating Michigan's Motor Vehicle Code, based upon the totality of the circumstances. Defendant is entitled to qualified immunity on this count because Plaintiff has failed to cite a single case where the law provides a clearly established right to refuse to provide identification at a traffic stop, such that the driver may not be further detained to investigate his identity. *See, e.g., Raggs v. Pittsfield Charter Twp.*, No. 14-13946, 2016 WL 3626807, at *8 (E.D. Mich. July 7, 2016) (granting summary judgment based on qualified immunity for arrest where driver refused to show identification to officer); *Johnson v. Hazou*, No. 1:15CV1811,

2017 WL 887162, at *8 (N.D. Ohio Feb. 13, 2017), *report and recommendation adopted*, No. 1:15CV1811, 2017 WL 879448 (N.D. Ohio Mar. 6, 2017) (granting qualified immunity to defendants on seizure claim where plaintiff refused to produce identification at traffic stop). Thus, the Court grants Defendant qualified immunity on Count II.

## V. Conclusion

Accordingly, for the reasons discussed in detail above, the Court **GRANTS** Defendant's Motion for Partial Summary Judgment [25].

**IT IS SO ORDERED**.

Dated: July 7, 2017

s/Gershwin A. Drain  
HON. GERSHWIN A. DRAIN  
United States District Court Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. Mail addresses disclosed on the Notice of Electronic Filing on July 7, 2017.

s/Teresa McGovern  
Case Manager Generalist